| | |
|---|---|
| WILNICK DORVAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 2016-50 |
| ) | |
| SAPPHIRE VILLAGE CONDOMINIUM ) | |
| ASSOCIATION, JAQUELINE LINDBERG, ) | |
| BERNARD VANSLUYTMAN, JOANNE ) | |
| LEVESQUE, CLARENCE LEVESQUE, ) | |
| LOURDES CORDERO, THOMAS CORDERO, ) | |
| SIDNEY JARVIS, NICHOLAS ) | |
| OVERMYER, RICHARD W. O'DELL, ) | |
| MICHELE LANGE, TODD FARRAND, ) | |
| NORA IBRAHIM, JONATHON MORGAN, ) | |
| SARAH WHYTE, ELLEN HANSEN, ) | |
| MICHAEL BAIRD, MATTHEW SWOPE, ) | |
| MARK MAROLE, MADLON JENKINS ) | |
| RUDZIAK, JAMES KOULOURIS, ) | |
| ) | |
| Defendants. ) | |

APPEARANCES:

**Wilnick Dorval**
St. Thomas, U.S.V.I.
    *Pro se plaintiff,*

**Michael E. Fitzsimmons**
Stryker, Duensing, Casner & Dollison
St. Thomas, U.S.V.I.
    *For Sapphire Village Condominium Association, Sidney
    Jarvis, and Michael Baird,*

**Jaqueline Lindberg**
St. Thomas, U.S.V.I.,
    *Pro se defendant,*

**Bernard M. Vansluytman**
St. Thomas, U.S.V.I.
    *Pro se defendant,*

**John H. Benham, III**
St. Thomas, U.S.V.I.
 *For Joanne Levesque,*

**Carol Ann Rich**
**Malorie Diaz**
Dudley Rich Davis LLP
St. Thomas, U.S.V.I.
 *For Lourdes Cordero and Thomas Cordero,*

**Sharmane Davis-Brathwaite**
Dudley Rich Davis LLP
St. Thomas, U.S.V.I.
 *For Thomas Cordero,*

**Nicholas Overmyer**
Muskegon, MI
 *Pro se plaintiff,*

**Jonathon Morgan**
St. Thomas, U.S.V.I.
 *Pro se defendant,*

**Mark Alan Kragel**
Bolt Nagi PC
St. Thomas, U.S.V.I.
 *For Matthew Swope,*

**Madlon Jenkins-Rudziak**
Newman, GA
 *Pro se defendant.*

## MEMORANDUM OPINION

**GÓMEZ, J.**

 Before the Court is the Third Amended Complaint filed by Wilnick Dorval.

## I.    FACTUAL AND PROCEDURAL HISTORY

On June 23, 2016, Wilnick Dorval ("Dorval") commenced this civil action by filing a complaint in this Court. On July 1, 2016, Dorval filed a motion to amend his complaint along with an amended complaint (the "First Amended Complaint"). On July 18, 2016, Dorval filed a second motion to amend his complaint along with another amended complaint (the "Second Amended Complaint").

On July 28, 2016, Dorval filed a third motion to amend his complaint along with another amended complaint (the "Third Amended Complaint"). The Third Amended Complaint names 22 defendants: Sapphire Village Condominium Association ("Sapphire"), Sidney Jarvis, Michael Baird, Nicholas Overmyer, Richard O'Dell, Todd Farrand, Michele Lange, Mark Marole, Joanne M. Levesque, Clarence Levesque, Bernard M. Vansluytman, Jacqueline Lindberg, Lourdes Cordero, Thomas Cordero, Moussa Moustafa, Nora Ibrahim, Matthew Swop, Jonathan Morgan, Sarah Whyte, Ellen Hansen, Madlon Jenkins Rudziak, and James Koulouris.

On August 9, 2016, the Magistrate Judge held a status conference in this matter. At the status conference, Dorval indicated that no party in this matter had been served a summons and a copy of the complaint. The Magistrate Judge ordered that "at this point, the Court will allow [Dorval] to amend [his]

complaint" because it would "not prejudice any party that has not been served with a previous complaint." Status Conference at 10:05:46-10:05:56. The Third Amended Complaint is currently the operative complaint in this matter.

On August 29, 2016, Sidney Jarvis filed a motion to dismiss for insufficient service. On September 2, 2016, Sapphire filed a motion to dismiss for insufficient service. On September 11, 2016, Thomas Cordero filed a motion to dismiss for insufficient service. On September 13, 2016, Michael Baird filed a motion to dismiss for insufficient service. On September 14, 2016, Mathew Swope filed a motion to dismiss for insufficient service. On November 14, 2016, Madlon Jenkins-Rudziak filed a motion to dismiss for insufficient service.

On September 7, 2016, Dorval filed a document captioned "Motion for Leave to Serve Defendants." *See* ECF No. 106 at 1. Dorval sought an additional 30 days to serve the defendants. On September 9, 2016, Dorval filed a document captioned "Refile Motion for Extension of Time to Serve Defendants." *See* ECF No. 114 at 1. Dorval indicated that his process server was having difficulty locating several of the defendants. Dorval asked the Court to grant him an additional 90 days to effect service. On February 9, 2017, Dorval filed a third motion for extension of time to serve.

On September 14, 2016, Jaqueline Lindberg filed a document with this Court. The document reads:

> TO WHOM IT MAY CONCERN:
>
> Reference: Civil Action #2016-50
> Defendant, Jacqueline Lindberg, denies all allegations made against her by the plaintiff in the referenced complaint.
>
> Respectfully submitted,
> Jacqueline Lindberg, Pro Se

ECF No. 132.

On September 15, 2016, Nicholas S. Overmyer ("Overmyer") filed a document with this Court. Overmyer asserted that he received a summons in this action but believed that this was

> a case of mistaken identity as I am not a resident of the Virgin Islands, I have never been to the Virgin Islands, I have no relationship nor have I ever met or even heard of a Mr. Wilnick Dorval, I am not and never have been a member of the Sapphire Village Condominium Owners Association nor have I even hear of such establishment.

ECF No. 131. Overmyer asserted that he has "chosen not to submit [a] response to the plaintiff as requested per the summons for I do not wish to involve myself or assist with properly identifying any alleged individual." *Id.* The address listed on the letter was 505 Marlane Street, Muskegon, Michigan 49442. Dorval responded to this document, asserting that his "process

server provided a new address for Defendant Nicholas Overmyer:

1723 Fitch Ave, Marquette, MI 49855." ECF No. 144.

On September 20, 2016, Bernard M. VanSluytman filed an

answer. As affirmative defenses, VanSluytman asserted that (1)

"the complaint filed has insufficient process"; and (2) "there

is insufficient service of process." *See* ECF No. 135 at 6.

On April 6, 2018, Jonathon Morgan filed an answer. Jonathon

Morgan did not assert insufficient service or insufficient

process as an affirmative defense.

On April 26, 2018, the Court entered a show cause order.

The Court observed that the docket in this matter "contains no

proof of serve upon any defendant." *See* ECF No. 418 at 3. The

Court further observed that many of the defendants had not

entered appearances, and of those who had, only Jaqueline

Lindberg had waived service by filing an answer. The Court

ordered Dorval to either file proof of service on the defendants

or show cause why this action should not be dismissed for lack

of timely service as to all defendants with the exception of

Jaqueline Lindberg.

On April 29, 2018, Dorval responded to the Court's show-

cause order. Dorval provided the Court with several affidavits

from process servers. In addition, to the extent the Court found

service deficient, Dorval asserted there was good cause to extend the time for him to effect service.

## II.  **DISCUSSION**

Federal Rule of Civil Procedure 4 ("Rule 4") outlines the requirements for service of process. With respect to service on an individual located in a judicial district of the United States, Rule 4(e) provides that service may be made by

**(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

**(2)** doing any of the following:

**(A)** delivering a copy of the summons and of the complaint to the individual personally;

**(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

**(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). With respect to service on a corporation, partnership, or association located in a judicial district of the United States, Rule 4(h) provides that service may be made

**(A)** in the manner prescribed by Rule 4(e)(1) for serving an individual; or

**(B)** by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . . .

Fed. R. Civ. P. 4(h).

Rule 4(m) dictates the timing of service. Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Rule 4(l) governs proof of service. Rule 4(l) provides that, "[u]nless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(l)(1). The burden of proof to show that service is sufficient is on the plaintiff. *See Gottlieb v. Sandia Am. Corp.*, 452 F.2d 510, 513-14 (3d Cir. 1971).

## III. <u>ANALYSIS</u>

### A. Compliance with Rule 4

#### 1. Service on James Koulouris, Nora Ibrahim, Ellen Hansen, Todd Farrand, Michele Lange, Nicholas Overmyer, Matthew Swope, and Mousa Mustafa

The process server affidavits for the following defendants indicate that they were "not served": James Koulouris, Nora Ibrahim, Ellen Hansen, Todd Farrand, Michele Lange, Nicholas

Overmyer,[1] Matthew Swope, and Mousa Mustafa. Accordingly, Dorval

has not demonstrated proper service on these defendants.

## 2. Service on Joanne Levesque, Madlon Jenkins-Rudziak, Lourdes Cordero, and Sidney Jarvis

The process server affidavits for Joanne Levesque, Madlon

Jenkins-Rudziak, Lourdes Cordero, and Sidney Jarvis indicate

that each of these defendants was mailed a summons and copy of

the complaint on November 2, 2017, by "certified mail, return

receipt requested." *See* ECF No. 420, Exh. 1 at 2, 4, 6, 8. A

summons and copy of the complaint was mailed to Joanne Levesque

in New Hampshire, to Madlon Jenkins-Rudziak in Georgia, to

Lourdes Cordero in Puerto Rico, and to Sidney Jarvis in New

Jersey. Dorval provided receipts for the purchase of certified

mail postage for each of these defendants. Dorval did not

provide any evidence the mailings were received by any

defendant.

As an initial matter, the Court notes that the November 2,

2017, attempts at service were well outside the 90-day limit

prescribed by Rule 4(m).

Second, Rule 4 does not provide for service on an

individual by any form of mail. *See* Fed. R. Civ. P. 4(e)(2).

---

[1] The Court construes Dorval's response to the September 15, 2016, filing of Nicholas Overmyer as an admission that Dorval initially attempted to serve the wrong Nicholas Overmyer.

Rule 4 does, however, permit service on an individual in accordance with "state law for serving a summons in an action brought in courts of general jurisdiction in the state [1] where the district court is located or [2] where service is made." Fed. R. Civ. P. 4(e)(1).

Virgin Islands law permits service outside the territory of the Virgin Islands "by any form of mail addressed to the person to be served and requiring a signed receipt" if the mailing is "reasonably calculated to give actual notice." *See* 5 V.I.C. § 4911(a)(3). Significantly, when service is attempted in this manner, a plaintiff must provide the court with "a receipt signed by the addressee or other evidence of personal delivery to the addressee satisfactory to the court." *See* 5 V.I.C. § 4911(b). Dorval has not provided the Court with any evidence of personal delivery on Joanne Levesque, Madlon Jenkins-Rudziak, Lourdes Cordero, or Sidney Jarvis. Accordingly, Dorval has not demonstrated adequate service on these defendants under Virgin Islands Law.

A summons and copy of the complaint was mailed to Joanne Levesque in New Hampshire. New Hampshire law does not permit service by mail on an individual in that state. *See* N.H. Rev. Stat. Ann. § 510:2 ("All writs and other processes shall be served by giving to the defendant or leaving at his abode an

attested copy thereof, except in cases otherwise provided

for."); *see also* N.H. Rev. Stat. Ann. § 510:4(II) (providing for

service on out of state defendants by "leaving a copy [of the

summons and complaint] . . . in the hands or office of the

secretary of state . . . provided that notice thereof and a copy

of the process is forthwith sent by registered mail, postage

prepaid, by the plaintiff or his attorney to the defendant at

his last known abode or place of business in the state or

country in which the defendant resides"). Accordingly, Dorval

has not demonstrated adequate service on Joanne Levesque under

any applicable law.

A summons and copy of the complaint was mailed to Madlon

Jenkins-Rudziak in Georgia. Georgia law does not permit service

on an individual by mail. *See* Ga. Code Ann. § 9-11-4(e)(7)

(providing for service on defendants in Georgia by delivering

summons and complaint "to the defendant personally, or by

leaving copies thereof at the defendant's dwelling house or

usual place of abode with some person of suitable age and

discretion then residing therein, or by delivering a copy of the

summons and complaint to an agent authorized by appointment or

by law to receive service of process"); *see also Horton v.*

*Maldonado*, No. 1:14-CV-0476-WSD, 2014 WL 6629743, at *3 (N.D.

Ga. Nov. 21, 2014) ("Georgia law requires service to be made

upon the defendant personally, or by leaving copies of the summons and complaint at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion who resides at the residence, or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process."). Accordingly, Dorval has not demonstrated adequate service on Madlon Jenkins-Rudziak under any applicable law.

A summons and copy of the complaint was mailed to Lourdes Cordero in Puerto Rico. Puerto Rico law does not permit service on an individual by mail. *See* P.R. Laws Ann. tit. 32 Ap. III, § 4.4(a) (providing for service "by delivering a copy of the summons and of the complaint to [the defendant] personally or to an agent authorized by him or appointed by law to receive service of process"); *see also Fernández-Salicrup v. Figueroa-Sancha*, No. CV 10-1975 (ADC), 2011 WL 13135962, at *1 (D.P.R. May 2, 2011) ("Commonwealth law provides that process upon an individual of legal age must be served on the individual 'personally or to an agent authorized by him or appointed by law to receive service of process.'" (quoting P.R. Laws Ann. tit. 32 Ap. III, R. 4.4(a)). Accordingly, Dorval has not demonstrated adequate service on Lourdes Cordero under any applicable law.

A summons and copy of the complaint was mailed to Sidney
Jarvis in New Jersey. Under New Jersey law, "personal service is
the primary method of effecting service." *See Horowitz v. AT&T
INC.*, No. 3:17-CV-4827-BRM-LHG, 2018 WL 1942525, at *10 (D.N.J.
Apr. 25, 2018). Service is permitted by mail, but only when
"personal service cannot be effected after a reasonable and good
faith attempt, which shall be described with specificity in the
proof of service required by Rule 4:4-7 [of the New Jersey Rules
of Court]." *See* N.J. Ct. R. R. 4:4-3; *see also Dukes v. New
Jersey Transit Corp.*, No. CV 16-08947 (CCC), 2018 WL 1378726, at
*1 (D.N.J. Mar. 19, 2018). Dorval has provided no explanation of
any attempt made to personally serve Sidney Jarvis. Accordingly,
Dorval has not demonstrated adequate service on Sidney Jarvis
under any applicable law.

### 3. Service on Mark Marole, Bernard Vansluytman, Richard O'Dell, and Sarah Whyte

The process server affidavit for Mark Marole indicates that
on January 2, 2018, the process server personally delivered
Michael Fitzsimmons a copy of a complaint dated October 4, 2016.
The process server affidavit for Bernard Vansluytman indicates
that on January 28, 2018, the process server personally
delivered Bernard Vansluytman a copy of a complaint dated
September 1, 2016. The process server affidavits provided for
Richard O'Dell indicates that on February 10, 2018, the process

server personally delivered Richard O'Dell a copy of a complaint dated September 1, 2016. The process server affidavits provided for Sarah Whyte indicates that on February 10, 2018, the process server personally delivered Sarah Whyte a copy of a complaint dated September 1, 2016.

Again, the Court notes that the January 2, 2018, January 28, 2018, February 10, 2018, and February 22, 2018, attempts at service were well outside the 90 day limit prescribed by Rule 4(m).

Second, for service to be valid, the summons must be served with a copy of the operative complaint in the action. *See* Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint"); *see also Gilles v. United States*, 906 F.2d 1386, 1390 (10th Cir. 1990) ("[W]here an amended pleading supersedes the original complaint, subsequent service of the superseded prior or original pleading is improper." (internal quotation marks omitted)); *TCS Capital Mgmt., LLC v. Apax Partners, L.P.*, No. 06-CV-13447 (CM), 2008 WL 650385, at *10 (S.D.N.Y. Mar. 7, 2008) (explaining that service of superseded complaint is invalid).

Here, the operative complaint in this matter is the Third Amended Complaint, which is dated July 28, 2016. Dorval's process server indicates that, (1) for Richard O'Dell, Sarah

Whyte, and Bernard Vansluytman, he personally delivered copies

of a complaint dated September 1, 2016; and (2) for Mark Marole,

he personally delivered a copy of a complaint dated October 4,

2016. It is unclear what document these defendants were served

with. It was not, however, the operative complaint dated July

28, 2016. Accordingly, Dorval has not demonstrated adequate

service on these defendants.

**4. Service on Sapphire and Michael Baird**

With respect to Sapphire, Dorval filled out the portion of

the summons labeled "To: (Defendant's name and address)" with:

    Sapphire Village Condominium Owners Association
    Michael E. Fitzsimmons
    ELECTRA HOUSE-5060 Forts Straede
    St. Thomas, V.I. 00802.

ECF No. 420, Exh. 3 at 3. Similarly, with respect to Michael

Baird, Dorval filled out the portion of the summons labeled "To:

(Defendant's name and address)" with:

    Michael BAIRD
    Michael E. Fitzsimmons
    ELECTRA HOUSE-5060 Forts Straede
    St. Thomas, V.I. 00802.

*Id.* at 3. For both Sapphire and Michael Baird, the process

server filled out the portion of the process server affidavit

indicating the recipient of the summons as follows: "This

summons for . . . <u>Michael Fitzsimmons</u> was received by me on . .

. <u>11/3/16</u>." *See id.* at 4, 6. Both summonses were personally

delivered to Michael Fitzsimmons. Michael Fitzsimmons is not a party to this action. There is no indication in the record that Fitzsimmons is "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" on behalf of an organization, *see* Fed. R. Civ. P. 4(h)(1)(B), or "an agent authorized by appointment or by law to receive service of process" on behalf of an individual, *see* Fed. R. Civ. P. 4(e)(2)(C). Further, while the process server averred that copies of the summons were served on Michael Fitzsimmons, the process server did not claim to have served a copy of the complaint on Michael Fitzsimmons. Accordingly, service on Sapphire and Michael Baird was insufficient.

### 5. Service on Thomas Cordero

With respect to Thomas Cordero, Dorval filled out the portion of the summons labeled "To: (Defendant's name and address)" with:

```
Thomas CORDERO
SHARMANE DAVIS-BRATHWAITE
Dudley Rich Dvais, LLP
5194 Donningens Gade, Suite 3
St. Thomas, V.I. 00802.
```

ECF No. 420, Exh. 3 at 1. Here, the process server filled out the portion of the process server affidavit that indicates the recipient of the summons as follows: "This summons for . . . "Thomas Cordero, c/o Sharmane Davis—Braithwaith [sic] was

received by me on October 25, 2016." *See id.* at 2. The process

server averred that he personally delivered a copy of the

summons to "Shermane Davis-Braithwaith [sic]," who the process

server asserted was "designated by law to accept service of

process on behalf of (*name of organization*) Thomas Cordero." *See*

*id.* Dorval has not identified, and the Court is unaware of, any

law that permits Sharmane Davis Brathwaite to accept service on

behalf of Thomas Cordero, who also appears to be an individual,

not an organization. *Cf. Wheatley v. Mapp*, No. 2015-40, 2016

U.S. Dist. LEXIS 35806, at *8 (D.V.I. Mar. 21, 2016) ("[T]he

proof of service states that the individuals were authorized to

accept service by law. The Court is unaware of any [such] law .

. . ."). Further, while the process server averred that copies

of the summons were served, the process server did not claim to

have served a copy of the complaint. Accordingly, service on

Thomas Cordero was insufficient.

Thus, Dorval's attempts to serve each defendant with the

exception of Jaqueline Lindberg were ineffective.

## B. Appropriate Relief

The Court's finding that Dorval failed to comply with Rule

4(m) with respect to the defendants discussed above does not

necessarily require the Court to dismiss the claims against

them. Even after a district court finds that the plaintiff

failed to comply with Rule 4(m), the

> District Court must extend the time for service . .
> . where a plaintiff demonstrates good cause for the
> failure to timely serve the defendant. Even if a
> plaintiff fails to show good cause, the District
> Court must still consider whether any additional
> factors warrant a discretionary extension of time.

*Maltezos v. Giannakouros*, 522 Fed. App'x 106, 108 (3d Cir. 2013)

(citations omitted).

### 1. Good Cause

In determining whether good cause exists for an extension,

the Court considers (1) the reasonableness of the plaintiff's

efforts to effect service; (2) prejudice to the defendant

because of untimely service; and (3) whether the plaintiff has

moved for an enlargement of time. *See MCI Telecommunications

Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995).

Ultimately, good cause requires "a demonstration of good faith

on the part of the party seeking an enlargement and some

reasonable basis for noncompliance within the time specified in

the rules." *Id.* (quoting *Petrucelli v. Bohringer & Ratzinger,

GMBH,* 46 F.3d 1298, 1312 (3d Cir.1995) (Becker, J., concurring

in part and dissenting in part)).

As to the first factor, Dorval argues that the "defendants

used several deceitful tactics to evade and defeat process of

service." *See* ECF No. 420 at 7. Dorval's brief makes several

allegations with respect to this assertion. Significantly,
however, Dorval has not provided the Court any evidence to
support these claims. *See Beckerman v. Susquehanna Twp. Police &
Admin.*, 254 Fed. App'x 149, 154 (3d Cir. 2007) ("Beckerman
claims that Peters attempted to evade Beckerman's attempts to
serve him. However. . . Beckerman provided no evidence to
support this assertion other than unsigned affidavits which
reflect that Beckerman attempted to serve Peters a few times at
the beginning of the service period, and again at the end of the
service period.").

Although Dorval made many efforts to serve the defendants
in this action, those efforts were fraught with errors and
mistakes. "[D]isregard for . . . the technical niceties of
service of process does not constitute good cause." *See Ayres v.
Jacobs & Crumplar, P.A.*, 99 F.3d 565, 568 (3d Cir. 1996)
(citation and internal quotation marks omitted). Accordingly,
the Court finds that Dorval's efforts to effect service were not
reasonable.

With respect to the second factor, "justice . . . requires
that the merits of a particular dispute be placed before the
court in a timely fashion so that the defendant is not forced to
defend against stale claims." *McCurdy v. Am. Bd. of Plastic
Surgery*, 157 F.3d 191, 196–97 (3d Cir. 1998). For this reason,

"[t]here comes a time when delay in proper service is prejudicial to the opposing party. An elapse in time results in witness unavailability, events forgotten and documentation lost." *Okagbue-Ojekwe v. Fed. Bureau of Prisons*, No. 03-CV-2035-NLH-JS, 2010 WL 3947528, at *3 (D.N.J. Oct. 7, 2010).

Dorval commenced this action nearly two years ago. No defendant has been properly served in that time. The Court finds that this lengthy period of time is prejudicial.

Considering the third factor, the Court notes that Dorval has filed several motions for extensions of time to effect service. The Court has accommodated Dorval on several occasions. Significantly, however, Dorval has consistently failed to effect *proper* service within the extended timeframes he requested.

Considering the three factors together, the Court holds that Dorval has not demonstrated good cause justifying an extension of time to effect service.

### 2. Discretionary Extension

Although Dorval has failed to demonstrate good cause for his failure to serve, this does not end the Court's analysis. A "district court must consider whether any other factors warrant extending time even though good cause was not shown." *Petrucelli v. Bohringer & Ratzinger, GMBH,* 46 F.3d 1298, 1307 (3d Cir.1995). In assessing whether the Court should grant a

discretionary extension, the Court must consider the following factors:

> actual notice of the legal action; prejudice to the defendant; the statute of limitations on the underlying causes of action; the conduct of the defendant; and whether the plaintiff is represented by counsel, in addition to any other factor that may be relevant when deciding whether to grant an extension or dismiss the complaint.

*Chiang v. U.S. Small Bus. Admin.*, 331 Fed. App'x 113, 116 (3d Cir. 2009).

The first factor the Court considers is actual notice. *Id.* Several of the defendants in this matter have filed motions to dismiss for insufficient service and appear to have actual notice of Dorval's claims. There is no indication in the record, however, that Clarence Levesque, Nicholas Overmyer, Richard O'Dell, Michele Lange, Todd Farrand, Nora Ibrahim, Sarah Whyte, Ellen Hansen, Mark Marole, or James Koulouris are aware of Dorval's claims.

Next, the Court considers whether granting an extension would prejudice the defendants. *See Chiang*, 331 Fed. App'x at 116. As the Court observed above, the defendants have been prejudiced in their ability to defend this case by the length of time during which with these defendants have not received proper service. Accordingly, this factor weighs in favor of dismissal.

The third factor the Court considers is whether the statute
of limitations on the plaintiff's claims have run. Dorval
asserts a multitude of tort claims arising out racial
discrimination Dorval alleges he has suffered at his residence,
including violations of the Fair Housing Act, violations of
Virgin Islands Civil Rights Act, private nuisance, and
intentional infliction of emotional distress. Dorval alleges
that this conduct is ongoing and the result of a conspiracy
designed to drive Dorval from his home. As such, the statutes of
limitations for Dorval's claims are tolled by the "continuing
violations doctrine." *See, e.g.*, *Cowell v. Palmer Twp.*, 263 F.3d
286, 292 (3d Cir. 2001); *Brouillard v. DLJ Mortg. Capital, Inc.*,
No. S.CT.CIV. 2014-0063, 2015 WL 6549224, at *4 (V.I. Oct. 28,
2015). Accordingly, this factor weighs in favor of dismissal.

The fourth factor the Court considers is the behavior of
the defendants. *See Chiang,* 331 Fed. App'x, at 116. As discussed
above, while Dorval alleges that the defendants have been
evasive and uncooperative, Dorval failed to provide evidence
substantiating these claims. After reviewing the record, this
does not appear to be a case in which the defendants were
evasive and uncooperative. *Cf. United States v. Nuttall,* 122
F.R.D. 163, 165 (D.Del.1988) (permitting extension of time to
serve when the defendant informed process server that he was

"not willing to make it easy," "stated that he would refuse service," and could not be served at his residence despite eighteen attempts). This factor, therefore, favors dismissal.

The fifth factor the Court considers is whether the plaintiff was represented by counsel. *See Chiang,* 331 Fed. App'x at 116. Dorval is a *pro se* litigant, and accordingly, this factor favors him. Dorval, however, has attempted to serve the defendants multiple times. Several defendants filed motions to dismiss for ineffective service and pointed out several defects in Dorval's earliest attempts at service. Dorval's later attempts to serve the defendants, however, failed to correct these defects. *See Dash v. Chasen*, 503 Fed. App'x 791, 795-96 (11th Cir. 2013) (holding dismissal proper where statute of limitations would bar further litigation because district court's "order gave [the plaintiff] clear directions on how to properly serve the government" and the plaintiff "had already received one extension of time to effect service"); *Carter v. Keystone*, 278 Fed. App'x 141, 142 (3d Cir. 2008) (holding dismissal proper where plaintiff "was given two opportunities to properly effect service of process" but "failed to comply with the requirements of Rule 4 on either occasion").

Further, Dorval has been litigating this case for nearly two years and is currently pursuing claims in four different

actions in this Court. *See Dorval v. Moe's Fresh Market, et al.*,
Civil Case No. 16-6 (D.V.I. July 18, 2016; *Dorval v. Sessions,
et al.*, Civil Case No. 17-37 (D.V.I. May 30, 2017); *Dorval v.
Fitzsimmons, et al.*, Civil Case No. 18-15 (D.V.I. March 5,
2018). In this light, Dorval is an experienced *pro se* litigant.
Under these circumstances, the Court finds the weight of the
fifth favor is greatly diminished. *See Snyder v. Swanson*, 371
Fed. App'x 285, 287 (3d Cir. 2010) (noting that district court
properly accorded the fifth factor less weight because,
"although [the plaintiff] [wa]s proceeding *pro se,* by his own
account, he [wa]s an experienced litigant").

In sum, (1) the first factor weighs in favor or an
extension with respect to Sidney Jarvis, Michael Baird, Joanne
M. Levesque, Bernard M. Vansluytman, Lourdes Cordero, Thomas
Cordero, Moussa Moustafa, Matthew Swop, and Madlon Jenkins
Rudziak, and weighs in favor of dismissal with respect to
Clarence Levesque, Nicholas Overmyer, Richard O'Dell, Michele
Lange, Todd Farrand, Nora Ibrahim, Sarah Whyte, Ellen Hansen,
Mark Marole, and James Koulouris; (2) the second factor weighs
in favor of dismissal; (3) the third factor weighs in favor of
dismissal; (4) the fourth factor weighs slightly in favor of an
extension; and (5) the fifth factor weighs in favor of

dismissal. Considering these factors together, the Court will not grant Dorval additional time to effect service.

Accordingly, Dorval's claims against Sapphire Village Condominium Association, Sidney Jarvis, Michael Baird, Nicholas Overmyer, Richard O'Dell, Todd Farrand, Michele Lange, Mark Marole, Joanne M. Levesque, Clarence Levesque, Bernard M. Vansluytman, Lourdes Cordero, Thomas Cordero, Moussa Moustafa, Nora Ibrahim, Matthew Swop, Sarah Whyte, Ellen Hansen, Madlon Jenkins Rudziak, and James Koulouris will be dismissed.

An appropriate judgment follows.

S_____
**Curtis V. Gómez**
**District Judge**