NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| WILNICK DORVAL,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MELISSA TINLSEY and JACK A. TINSLEY, JR.,<br><br>　　　　　　Defendants. | Civ. No. 19-23<br><br>**OPINION** |

THOMPSON, U.S.D.J.[1]

## **INTRODUCTION**

This matter comes before the Court upon the Motion to Stay filed by Defendants Melissa Tinsley and Jack Tinsley, Jr. (collectively, "Defendants"). (ECF No. 25.) Plaintiff Wilnick Dorval ("Plaintiff") opposes. (ECF No. 27.) The Court has decided this Motion on the written submissions of the parties, pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons stated herein, the Motion is denied.

## **BACKGROUND**

On April 1, 2019, Plaintiff filed the Complaint alleging numerous counts of racial discrimination at Sapphire Village, the condominium complex where Plaintiff resides. (Compl. ¶ 1.1, ECF No. 1.) Defendants own apartment 273 at Sapphire Village. (*Id.* ¶¶ 2.2–2.3.) Plaintiff alleges that Defendants' tenants purposefully made "excessive noise disturbances" in an effort to harass Plaintiff and drive him from his home because he is black and from Haiti. (*Id.*) Plaintiff

---

[1] The Honorable Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

alleges that these actions were part of a conspiracy between Defendants, their tenants, and the Sapphire Village Condominium Owners Association ("the Association"), in part to retaliate against Plaintiff's filing of a racial harassment complaint to the Association. (*Id.* ¶¶ 4.4.31–4.4.40.) Plaintiff has filed nearly identical allegations against the Association and numerous other owners or tenants of Sapphire Village in the following cases: *Dorval v. Sapphire Village Condominium Owners Association, et al.*, Civ. Nos. 16-50, 18-29; *Dorval v. Fitzsimmons*, Civ. No. 18-15; and *Dorval v. Cashio*, Civ. No. 18-32.

Due to the factual similarities of this matter with the abovementioned cases, on November 6, 2019, the Court consolidated all of the cases for trial in January 2020. (ECF No. 20.) In response, Defendants filed the Motion to Stay All Proceedings Pending the Outcome of Related Cases ("Motion to Stay") on November 12, 2019, seeking a stay until the related cases are tried in January. (ECF No. 25.) Defendants argue that, unlike the related cases, this case is in its early phases, and it would be prejudicial to force Defendants to prepare for an expedited trial.[2] (Mot. at 1, ECF No. 26.) They further argue that, due to the similarities in the claims across all cases, a resolution in the related cases may simplify the issues in this case or lead to its dismissal. (*Id.* at 3–4.) Plaintiff opposed the Motion (ECF No. 27), and Defendants filed a Reply (ECF No. 28). The Motion to Stay is presently before the Court.

## **LEGAL STANDARD**

A stay is an "extraordinary remedy," *Conestoga Wood Specialties Corp. v. Sec'y of U.S. Dep't of Health & Human Servs.*, 2013 WL 1277419, at *1 (3d Cir. Feb 8. 2013) (citing *United States v. Cianfrani*, 573 F.2d 835, 846 (3d Cir. 1978)), and the party requesting a stay bears the

---

[2] Defendants note that they filed a Motion to Dismiss on May 10, 2019 (ECF No. 12), which the Court has not yet ruled on, and that no Rule 16 conference has been scheduled. (Mot. at 1.)

2

burden of showing that it is warranted, *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). In determining whether to stay an action, the court must balance competing interests, including

> (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set.

*Nussbaum v. Diversified Consultants, Inc.*, 2015 WL 5707147, at *2 (D.N.J. Sept. 28, 2015) (citation omitted); *see also Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*, 2011 WL 4056318, at *2 (D.N.J. Sept. 12, 2011) ("Courts assessing the suitability of a stay consider 'whether a stay will simplify issues and promote judicial economy, the balance of harm to the parties, and the length of the [ ] stay.'"). Where a stay is sought pending resolution of purportedly related litigation, courts consider whether resolution of the related litigation would "substantially affect [the present case] or be dispositive of the issues." *Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am.*, 544 F.2d 1207, 1215 (3d Cir. 1976).

## **DISCUSSION**

Regarding the balance of harms to the parties, Defendants contend that it would be "grossly unfair" to force them to prepare for trial on an expedited basis, whereas Plaintiff would suffer no hardship from a stay. (Mot. at 5, ECF No. 26.) Defendants will indeed have to prepare for an expedited trial if the stay is denied. While this may cause some hardship, the consolidation of the cases provides Defendants with an opportunity to rely on the arguments, evidence, and witnesses provided by the defendants in the consolidated cases. Meanwhile, if a stay is granted, Plaintiff would suffer the hardship of expending time and resources on a second trial. Defendants' argument that Plaintiff will not suffer hardship because he has "commenced a plethora of actions against a variety of defendants in the Virgin Islands and elsewhere" is not

persuasive. (*Id.*) Accordingly, Defendants have failed to demonstrate that a denial of the stay would create a "clear case of hardship." *See Nussbaum*, 2015 WL 5707147, at *2.

Defendants also argue that the adjudication of the related cases would simplify the issues and "may even result in findings of fact or conclusions of law which will support the dismissal of this action." (Mot. at 4.) However, Defendants fail to demonstrate that the resolution of the related cases would be dispositive of the issues in the present matter. While the allegations in all cases are nearly identical, a finding that, for example, one defendant did not act with discriminatory intent would not resolve the question of discriminatory intent by all defendants. Similarly, Defendants may have distinct defenses that would not be raised by the other parties.[3] Instead, the fact that the claims in the related cases are nearly identical to those here weighs heavily in favor of trying them together in order to save judicial resources and avoid duplicating the same facts, arguments, witnesses, and exhibits in a separate trial.

Finally, Defendants argue that they are not seeking an indefinite stay, but rather a stay until the January 2020 trial is completed. (*Id.*) While this factor works in favor of granting a stay, *see Bechtel*, 544 F.2d at 1215, it is not enough to overcome the strong considerations of judicial economy mentioned above.

## **CONCLUSION**

For the reasons stated herein, Defendants Motion to Stay is denied. An appropriate Order will follow.

Date: December 5, 2019                                    */s/ Anne E. Thompson*
                                                                                               ANNE E. THOMPSON, U.S.D.J

---

[3] For example, Defendants in the present case contend that the events alleged in the Complaint occurred *before* they purchased the property at Sapphire Village (Mot. at 4), a defense that the other parties may not raise.