UNITED STATES DISTRICT COURT
DISTRICT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| WILNICK DORVAL,<br><br>                Plaintiff,<br><br>    v.<br><br>SAPPHIRE VILLAGE CONDOMINIUM ASSOCIATION *et al.*,<br><br>                Defendants. | Civ. No. 16-50<br>(Consolidated with<br>Civ. No. 18-29,<br>Civ. No. 18-15,<br>Civ. No. 18-32, and<br>Civ. No. 19-23)<br><br>**OPINION** |

THOMPSON, U.S.D.J.[1]

## INTRODUCTION

This matter comes before the Court upon the Motion for Relief from Judgment for Fraud Upon the Court filed by Plaintiff Wilnick Dorval ("Plaintiff"). (ECF No. 248.) Defendants do not oppose. The Court has decided the Motion upon the written submissions of the parties and without oral argument, pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons stated below, Plaintiff's Motion is denied.

## BACKGROUND

Sapphire Village Condominium Complex ("Sapphire Village") is a condominium complex located in St. Thomas, United States Virgin Islands. Plaintiff has rented Unit 265 at Sapphire Village since October 2, 2015. (3d Am. Compl. ¶ 4.1.7, ECF No. 34.) On June 23, 2016, Plaintiff commenced this civil action by filing his initial Complaint, alleging that the

---

[1] The Honorable Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

Sapphire Village Condominium Association (the "Association"), along with the owners and tenants of Sapphire Village, have conspired with each other to drive Plaintiff out of his apartment primarily by making excessive noise. (Compl. ¶¶ 4.1–4.2.8, ECF No. 1.) Plaintiff has since filed an Amended Complaint (ECF No. 5), Second Amended Complaint (ECF No. 15), and Third Amended Complaint (ECF No. 34).

The Third Amended Complaint alleges forty-one (41) counts, including violations of private nuisance laws, the Fair Housing Act, and intentional infliction of emotional distress. (*Id.* ¶¶ 5.1.1–5.41.4.) Specifically, Plaintiff alleges that the Association and other Sapphire Village owners and tenants conspired to tamper with all of the screen doors in the building to make loud noises that reverberate through Plaintiff's apartment. (3d Am. Compl. ¶¶ 4.2.1–4.2.9.) Further, Plaintiff alleges that the Association has made coordinated efforts to conduct construction and repairs around his apartment to create noise. (*Id.* ¶¶ 4.8.1–4.8.10.) Plaintiff also claims that several Sapphire Village tenants follow him around St. Thomas blocking his path, harassing him, moving their heads "wildly" at him, and intentionally provoking him. (*Id.* ¶¶ 4.11.1–4.13.10.) Plaintiff alleges that the motivation for this conduct is racial discrimination because he is black. (*Id.* ¶ 4.2.9.)

Plaintiff filed a Motion for Temporary Restraining Order, Preliminary and Permanent Injunction ("Motion for TRO") on August 25, 2016 against Defendants Thomas Cordero and Madlon Jenkins-Rudziak, seeking an order enjoining Defendants from allowing their tenants to make any unreasonable noise. (ECF No. 42.) Plaintiff amended his Motion for TRO on September 1, 2016 to include Defendants Jonathon Morgan, James Koulouris, Bernard Vansluytman, and Lourdes Cordero. (ECF No. 74). Defendants did not oppose these motions. On September 9, 2016, the Court denied the Motion for TRO because Plaintiff failed to meet the

requirements under Rule 65(b)(1)(A) of the Federal Rules of Civil Procedure. (ECF No. 110.) Plaintiff appealed the September 9, 2016 Order (ECF No. 118), and the Third Circuit affirmed the Order on August 8, 2017 (ECF No. 286). On March 12, 2017, Plaintiff filed a Motion to Set Aside Judgment for Fraud Upon the Court, requesting reversal of the September 9, 2016 Order. (ECF No. 248.) This Motion is presently before the Court.

## LEGAL STANDARD

Rule 60(b)(3) of the Federal Rules of Civil Procedure states that "the court may relieve a party or its legal representative from a final judgment [because of] fraud . . . by an opposing party." Additionally, Rule 60(d)(3) preserves "the court's power to . . . set aside a judgment for fraud on the court." Relief from judgment under either provision requires, *inter alia*, that fraud be proven by clear and convincing evidence. *Dougboh v. Cisco Sys.*, 726 F. App'x 914, 915 (3d Cir. 2018) (citing *Brown v. Pa. R.R. Co.*, 282 F.2d 522, 527 (3d Cir. 1960)); *Hatchigian v. IBEW Local 98 Health & Welfare Fund*, 610 F. App'x 142, 143 (3d Cir. 2015) (citing *Booker v. Dugger*, 825 F.2d 281, 283 (11th Cir. 1987)). "To show fraud on the court, a party must show: (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court." *Herring v. United States*, 424 F.3d 384, 386 (3d Cir. 2005).

## DISCUSSION

Plaintiff asserts two main arguments in support of his Motion to Set Aside Judgment for Fraud Upon the Court. First, Plaintiff argues that John Benham and Michael Fitzsimmons, two of the attorneys representing several of the Defendants, falsely stated that the Third Amended Complaint that Plaintiff served on certain Defendants was unsigned. (Mot. at 7, 10–11.) These allegedly false statements were made in the Motion to Dismiss by Joanne Levesque (ECF No. 45), the Motion to Dismiss by Defendant Michael Baird (ECF No. 123), and the Motion to

Dismiss by Sidney Jarvis (ECF No. 49). Next, Plaintiff argues that Benham "intentionally misstated the law" to deceive the Court by arguing that service of process by mail was ineffective, even though Benham knew that Virgin Islands law allows service by certified mail with return receipt. (Mot. at 6–8.) John Benham allegedly made this argument when he submitted a section of a Pro Se Non-Prisoner Guide on the docket at Docket Entry 113-3. (*Id.* at 7.)[2]

The allegedly misleading or false statements listed above all relate to the issue of service of process. However, Defense counsel did not raise the issue of service of process in opposition to the Motion for TRO, and the Court did not consider service of process in making its September 9, 2016 decision to deny the Motion for TRO. (*See* ECF No. 110). Furthermore, if the Pro Se Non-Prisoner Guide was filed at Docket Entry 113-3, that means this document was filed *after* the Court issued the September 9, 2016 Order, such that it could not have had any bearing on the Court's decision. Likewise, the Motion to Dismiss by Michael Baird was filed on September 13, 2016, several days after the September 9, 2016 Order. Therefore, Plaintiff's arguments do not support reversal of the September 9, 2016 Order.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Relief from Judgment for Fraud Upon the Court (ECF No. 248) is denied. An appropriate Order will follow.

Date: <u>January 21, 2020</u>  */s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

---

[2] Docket Entry 113 and its attachments are currently missing from the docket.