NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| WILNICK DORVAL,<br><br>           Plaintiff,<br><br>    v.<br><br>SAPPHIRE VILLAGE CONDOMINIUM ASSOCIATION *et al.*,<br><br>           Defendants. | Civ. Nos. 16-50, 18-29<br>(Consolidated with<br>Civ. No. 18-15,<br>Civ. No. 18-32, and<br>Civ. No. 19-23)<br><br>**OPINION** |

THOMPSON, U.S.D.J.[1]

## **INTRODUCTION**

This matter comes before the Court upon five Motions for Judgment on the Pleadings by Plaintiff Wilnick Dorval ("Plaintiff"). (Civ. No. 16-50, ECF No. 442; Civ. No. 18-29, ECF Nos. 571, 624, 766, 1057.) Several Defendants have filed Oppositions to two of these Motions. (Civ. No. 18-29, ECF Nos. 595, 1086, 1127.) The Court has decided the Motions upon the written submissions of the parties and without oral argument, pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons stated below, Plaintiff's Motions are denied.

## **BACKGROUND**

Sapphire Village Condominium Complex ("Sapphire Village") is a condominium complex located in St. Thomas, United States Virgin Islands. Plaintiff has rented Unit 265 at Sapphire Village since October 2, 2015. (3d Am. Compl. ¶ 4.1.7, Civ. No. 16-50, ECF No. 34.)

---

[1] The Honorable Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

On June 23, 2016, Plaintiff commenced this civil action by filing his initial Complaint, alleging that the Sapphire Village Condominium Owners Association (the "Association"), along with the owners and tenants of Sapphire Village, have conspired with each other to attempt to drive Plaintiff out of his apartment primarily by making excessive noise. (Compl. ¶¶ 4.1–4.2.8, Civ. No. 16-50, ECF No. 1.) Plaintiff has since filed an Amended Complaint (Civ. No. 16-50, ECF No. 5), Second Amended Complaint (Civ. No. 16-50, ECF No. 15), and Third Amended Complaint (Civ. No. 16-50, ECF No. 34).

The Third Amended Complaint alleges forty-one (41) counts, including violations of private nuisance laws, the Fair Housing Act, and intentional infliction of emotional distress. (*Id.* ¶¶ 5.1.1–5.41.4.) Specifically, Plaintiff alleges that the Association and other Sapphire Village owners and tenants conspired to tamper with all of the screen doors in the building to make loud noises that reverberate through Plaintiff's apartment. (*Id.* ¶¶ 4.2.1–4.2.9.) Further, Plaintiff alleges that the Association has made coordinated efforts to conduct construction and repairs around his apartment to create noise. (*Id.* ¶¶ 4.8.1–4.8.10.) Plaintiff also claims that several Sapphire Village tenants follow him around St. Thomas blocking his path, harassing him, moving their heads "wildly" at him, and intentionally provoking him. (*Id.* ¶¶ 4.11.1–4.13.10.) Plaintiff alleges that the motivation for this conduct is racial discrimination because Plaintiff is black and from Haiti. (*Id.* ¶ 4.2.9.)

On May 15, 2018, the Court terminated the claims against all Defendants other than Jonathon Morgan and Jacqueline Lindberg due to ineffective service of process. (Civ. No. 16-50, ECF No. 432.) Plaintiff filed a second civil action, Civ. No. 18-29, on May 22, 2018 with nearly identical allegations against the Association and the owners and tenants of Sapphire Village.[2]

---

[2] While the allegations are nearly identical, the Complaint in Civ. No. 18-29 adds several new

2

(Civ. No. 18-29, ECF No. 1.) On March 24, 2019, Plaintiff filed a Motion for Judgment on the Pleadings against Defendants Jonathon Morgan and Jacqueline Lindberg. (Civ. No. 16-50, ECF No. 442.) Defendants Jonathon Morgan and Jacqueline Lindberg did not oppose.

On April 22, 2019, the Court consolidated civil cases 18-29 and 16-50. (Civ. No. 16-50, ECF No. 455; Civ. No. 18-29, ECF No. 591.) Post-consolidation, Plaintiff filed four additional Motions for Judgment on the Pleadings against (1) the Association, Sidney Jarvis, Michael Baird, Lourdes Cordero, Thomas Cordero, and Joanne Levesque on April 15, 2019 (Civ. No. 18-29, ECF No. 571); (2) Lourdes Cordero, Thomas Cordero, and Bernard Vansluytman on April 30, 2019 (Civ. No. 18-29, ECF No. 624)³; (3) Michele Lange, Todd Farrand, and Nicholas Overmeyer on May 27, 2019 (Civ. No. 18-29, ECF No. 766); and (4) all Defendants on August 17, 2019 (Civ. No. 18-29, ECF No. 1057). The Association, Sidney Jarvis, Michael Baird, Lourdes Cordero, Thomas Cordero, and Joanne Levesque filed an Opposition to ECF No. 571 on April 24, 2019. (Civ. No. 18-29, ECF No. 595.) No opposition to ECF Nos. 624 or 766 were filed. Claudia Woldow filed an Opposition to ECF No. 1057 on August 26, 2019 (Civ. No. 18-29, ECF No. 1086), and the Association, Michael Baird, Todd Farrand, Sidney Jarvis, Michele Lange, and Nicholas Overmeyer filed another Opposition to ECF No. 1057 on September 5, 2019 (Civ. No. 18-29, ECF No. 1127). The five Motions for Judgment on the Pleadings are now before the Court.

---

counts against Defendants, including violations of 42 U.S.C. §§ 1981, 1982, 1985, 2000a, trespass, negligence, and conspiracy. (Civ. No. 18-29, ECF No. 1.)

³ The same Motion for Judgment on the Pleadings against Defendants Lourdes Cordero, Thomas Cordero, and Bernard Vansluytman was filed in both cases. (Civ. No. 16-50, ECF No. 467; Civ. No. 18-29, ECF No. 624.) Because these Defendants were dismissed from Civ. No. 16-50, only the docket number from Civ. No. 18-29 is referenced here.

## LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment will not be granted unless the movant 'clearly establishes there are no material issues of fact, and [the movant] is entitled to judgment as a matter of law.'" *Bedoya v. Am. Eagle Express Inc.*, 914 F.3d 812, 816 n.2 (3d Cir. 2019) (citing *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005)). "In deciding a Rule 12(c) motion, [the Court] does not consider matters outside of the pleadings." *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 257 (3d Cir. 2004); *see also Bedoya*, 914 F.3d at 816 n.2. "In considering a motion for judgment on the pleadings, [the Court] must accept as true all facts presented in the complaint and answer and draw all reasonable inferences in favor of the non-moving party . . . ." *Bedoya*, 914 F.3d at 816 n.2 (citation omitted).

## DISCUSSION

Each of Plaintiff's Motions for Judgment on the Pleadings recount the legal bases for his claims and reassert allegations from his Complaint. However, the Motions overlook the fact that each of the Defendants has filed an Answer that sufficiently contests the substantive factual allegations alleged and asserts affirmative defenses. (*See generally* Lindberg Answer, Civ. No. 16-50, ECF No. 132; Morgan Answer, Civ. No. 16-50, ECF No. 404; Woldow Answer, Civ. No. 18-29, ECF No. 48; Ass'n Answer, Civ. No. 18-29, ECF No. 562; Jarvis Answer, Civ. No. 18-29, ECF No. 563; Baird Answer, Civ. No. 18-29, ECF No. 564; Cordero Answer, Civ. No. 18-29, ECF No. 565; Levesque Answer, Civ. No. 18-29, ECF No. 567; Vansluytman Answer, Civ. No. 18-29, ECF No. 617; Lange Answer, Civ. No. 18-29, ECF No. 759; Farrand Answer, Civ. No. 18-29, ECF No. 760; Overmeyer Answer, Civ. No. 18-29, ECF No. 761.) Plaintiff does not address these factual disputes or affirmative defenses in any of his Motions. Accordingly,

Plaintiff has failed to establish that no material issues of fact exist or that Plaintiff is entitled to judgment as a matter of law. *See Bedoya*, 914 F.3d at 816 n.2.

## **CONCLUSION**

For the reasons stated herein, Plaintiff's Motions for Judgment on the Pleadings (Civ. No. 16-50, ECF No. 442; Civ. No. 18-29, ECF Nos. 571, 624, 766, 1057) are denied. An appropriate Order will follow.

Date: <u>January 21, 2020</u>         */s/ Anne E. Thompson*
                                        ANNE E. THOMPSON, U.S.D.J.